U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Lee D. Vartan*                                970 Broad Street, Suite 700                          *(973) 645-2762*
*Assistant United States Attorney*             *Newark, NJ 07102*                    *Facsimile (973) 645-2857*

September 19, 2008

Chester M. Keller
First Assistant Federal Public Defender
Office of the Federal Public Defender                 *CR. 08-807*
972 Broad Street
Newark, New Jersey 07102

Re: *Plea Agreement with Wayne Nelson Corliss*

Dear Mr. Keller:

This letter sets forth the plea agreement between your client, Wayne Nelson Corliss, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Wayne Nelson Corliss to a five-count information, which charges him with production of child pornography in violation of 18 U.S.C. § 2251(a) (Count 1), three counts of traveling in foreign commerce with the intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) (Counts 2 through 4), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 5). If Wayne Nelson Corliss enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Wayne Nelson Corliss for possession, receipt, distribution, or production of child pornography or for traveling in foreign commerce with the intent to engage in illicit sexual conduct from in or about January 2000 through in or about May 2008. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Wayne Nelson Corliss may be commenced against him, notwithstanding the expiration of the limitations period after Wayne Nelson Corliss signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2251(a) to which Wayne Nelson Corliss agrees to plead guilty carries a statutory maximum prison sentence of 20 years, a statutory mandatory minimum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of: (1)

$250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. If the Court determines that Wayne Nelson Corliss has a prior conviction under certain chapters of the United States Code or the laws of any state relating to the sexual exploitation of children, the violation of 18 U.S.C. § 2251(a) to which Wayne Nelson Corliss agrees to plead carries a mandatory minimum sentence of 15 years and a statutory maximum prison sentence of 30 years pursuant to 18 U.S.C. § 2251(d). If the Court determines that Wayne Nelson Corliss has two or more prior convictions under certain chapters of the United States Code or the laws of any state relating to the sexual exploitation of children, the violation of 18 U.S.C. § 2251(a) to which Wayne Nelson Corliss agrees to plead carries a mandatory minimum sentence of 30 years and a statutory maximum prison sentence of life pursuant to 18 U.S.C. § 2251(d).

The violations of 18 U.S.C. § 2423(b) to which Wayne Nelson Corliss agrees to plead guilty carry a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 2252A(a)(5)(B) to which Wayne Nelson Corliss agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. If the Court determines that Wayne Nelson Corliss has a prior conviction under certain chapters of the United States Code or the laws of any state relating to the aggravated sexual abuse, sexual abuse, abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography as set forth in 18 U.S.C. § 2252A(b)(2), the violation of 18 U.S.C. § 2252A(a)(5)(B) to which Wayne Nelson Corliss agrees to plead carries a mandatory minimum sentence of 10 years and a statutory maximum prison sentence of 20 years pursuant to 18 U.S.C. § 2252A(b)(2).

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Wayne Nelson Corliss is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine for each count. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Wayne Nelson Corliss ultimately will receive.

- 2 -

Further, in addition to imposing any other penalty on Wayne Nelson Corliss, the sentencing judge: (1) will order Wayne Nelson Corliss to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Wayne Nelson Corliss to pay restitution pursuant to 18 U.S.C. § 2259; (3) may order Wayne Nelson Corliss, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture pursuant to 18 U.S.C. § 2253; and (5) pursuant to 18 U.S.C. § 3583, may require Wayne Nelson Corliss to serve a term of supervised release of not more than three years on Counts 1 through 4, and a term of supervised release of not less than 5 years and up to life on Count 5, which terms will begin at the expiration of any term of imprisonment imposed. Should Wayne Nelson Corliss be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Wayne Nelson Corliss may be sentenced to not more than 2 years' imprisonment on each count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. However, should Wayne Nelson Corliss be placed on a term of supervised release for Count 5 and Wayne Nelson Corliss subsequently commit an offense while on release in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than 1 year can be imposed, Wayne Nelson Corliss must be sentenced to at least 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. In addition, Wayne Nelson Corliss must, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), comply with any applicable sex offender registration requirement in New Jersey, and in each jurisdiction where Wayne Nelson Corliss resides, is employed, or is a student.

Wayne Nelson Corliss agrees to forfeit to the United States all computer and computer accessories seized by agents on or about May 8, 2008, including: (1) an HP Pavilion computer bearing Serial Number LDM3135A0687, an HP Pavilion laptop bearing Serial Number CND4321YH4, and a Compaq Presario computer bearing Serial Number 6548HSA95780; (2) all visual depictions as set forth in 18 U.S.C. § 2253(a)(1) that were produced, transported, mailed, shipped or received in violation of the law; and (3) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Information or any property traceable to such property. *See* 18 U.S.C. § 2253.

Adam Walsh Child Protection and Safety Act

Wayne Nelson Corliss has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Wayne Nelson Corliss resides; where he is an employee; and where he is a student. Wayne Nelson Corliss understands that the requirements for registration include providing his name, his residence address, and the names

and addresses of any places where he is or will be an employee or a student, among other information. Wayne Nelson Corliss further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Wayne Nelson Corliss has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

<u>Rights of this Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Wayne Nelson Corliss by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Wayne Nelson Corliss's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Wayne Nelson Corliss agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Wayne Nelson Corliss from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and Wayne Nelson Corliss waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Wayne Nelson Corliss.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Wayne Nelson Corliss.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Wayne Nelson Corliss and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: L. D. Vartan
Assistant U.S. Attorney

APPROVED:

Joseph N. Minish, Chief,
Public Protection Unit

- 5 -

I have received this letter from my attorney, Chester Keller, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:


_____     Date: 10/28/08
Wayne Nelson Corliss


_____     Date: 10/28/08
Chester Keller, Esq.

- 6 -

Plea Agreement With Wayne Nelson Corliss

Schedule A

1.      This Office and Wayne Nelson Corliss recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Wayne Nelson Corliss nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Wayne Nelson Corliss within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Wayne Nelson Corliss further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.      The version of the United States Sentencing Guidelines effective May 1, 2008 applies in this case. The offenses embodied in the five counts are not subject to the single group analysis and must be considered separately. *See* U.S.S.G. § 3D1.2.

3.      The applicable guideline for the violation of 18 U.S.C. § 2251(a) is U.S.S.G. § 2G2.1. This guideline carries a Base Offense Level of 32.

4.      Specific offense characteristic U.S.S.G. § 2G2.1(b)(1)(A) applies in that the offense involved a minor who had not attained the age of twelve years. This Specific Offense Characteristic results in an increase of 4 levels.

5.      Specific offense characteristic U.S.S.G. § 2G2.1(b)(2)(A) applies in that the offense involved the commission of a sexual act and sexual contact. This Specific Offense Characteristic results in an increase of 2 levels.

7.      Accordingly, the total Guidelines offense level for the violation of 18 U.S.C. § 2251(a) (Count 1) is 38.

8.      The applicable guideline for each of the violations of 18 U.S.C. § 2423(b) is U.S.S.G. § 2A3.1 since each violation involved conduct described in 18 U.S.C. § 2241 and the resulting offense level is greater than that determined under U.S.S.G. § 2G1.3. *See* U.S.S.G. § 2G1.3(c)(3). This guideline carries a Base Offense Level of 30.

9.      Specific offense characteristic U.S.S.G. § 2A3.1(b)(2)(A) applies in that the offense involved victims who had not attained the age of twelve years. This Specific Offense Characteristic results in an increase of 4 levels.

11.      Accordingly, the total offense level for each violation of 18 U.S.C. § 2423(b) (Count 2 through 4) is 34.

- 7 -

12.    The applicable guideline for the violation of 18 U.S.C. § 2252A(a)(5)(B) is U.S.S.G. § 2G2.2. This guideline carries a Base Offense Level of 18.

13.    Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(2) applies in that the material involved prepubescent minors and minors who had not attained the age of twelve years. This Specific Offense Characteristic results in an increase of 2 levels.

14.    Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(3)(F) applies in that the offense involved distribution other than distribution described in subdivisions (A) through (E) of U.S.S.G. § 2G2.2(b)(3). This Specific Offense Characteristic results in an increase of 2 levels.

15.    Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(4) applies in that the offense involved material that portrayed sadistic and masochistic conduct and other depictions of violence. This Specific Offense Characteristic results in an increase of 4 levels.

16.    Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(6) applies in that the offense involved the use of a computer. This Specific Offense Characteristic results in an increase of 2 levels.

17.    Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(7)(D) applies in that the offense involved 600 or more images. This Specific Offense Characteristic results in an increase of 5 levels.

18.    The Guidelines offense level applicable to the violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 5) is thus 33.

19.    The combined offense level is determined by applying U.S.S.G. § 3D1.4. Applying that section, the combined total offense level is 42.

20.    As of the date of this letter, Wayne Nelson Corliss has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Wayne Nelson Corliss's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

21.    As of the date of this letter, Wayne Nelson Corliss has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Wayne Nelson Corliss enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Wayne Nelson Corliss's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater,

- 8 -

Wayne Nelson Corliss will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

22.     In accordance with the above, the parties agree that the total Guidelines offense level applicable to Wayne Nelson Corliss is 39 (the "agreed total Guidelines offense level").

23.     The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 39 is reasonable.

24.     Wayne Nelson Corliss knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 39. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 39.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

25.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.